UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re:                                         §
                                               §
R.J. PILGRIM, INC.                             §        Case No. 11-17461
                                               §
                                               §
              Debtor(s)                        §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that DONALD R. LASSMAN, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
        John W. McCormack
        Post Office and Courthouse
        5 Post Office Square
        10th Floor, Suite 1000
        Boston, MA  02109-3924

    Any person wishing to object to any fee application that has not already been approved, or to the Final Report, must file a written objection with the Court at the address above on or before _____ by _____ and serve a copy of the objection(s) upon the trustee, any party whose application is being challenged, and the United States Trustee.

HEARING

A hearing on the fee applications and any objection to the Final Report will be held at _____ on _____ in Courtroom ___, 12th floor at the John W. McCormack Post office and Court House, 5 Post Office Square, Boston, MA  02109-3945.  If no objections are filed, upon entry of an order on the fee applications, the trustee may pay the applications and dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 04/04/2014                    By: /s/ Donald R. Lassman
                                                                                Trustee

*DONALD R. LASSMAN*
*Post Office Box 920385*
*NEEDHAM, MA 02492*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: § | |
| § | |
| R.J. PILGRIM, INC. § | Case No. 11-17461 |
| § | |
| Debtor(s) § | |

### SUMMARY OF TRUSTEE'S FINAL REPORT
### AND APPLICATIONS FOR COMPENSATION

The Final Report shows receipts of                                              $

and approved disbursements of                                                  $

leaving a balance on hand of[1]                                                   $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DONALD R. LASSMAN | $ | $ | $ |
| Attorney for Trustee Fees: DONALD R. LASSMAN, ESQ. | $ | $ | $ |
| Accountant for Trustee Fees: MATRIX FINANCIAL LLC | $ | $ | $ |
| Fees: US Trustee | $ | $ | $ |
| Other: INTERNATIONAL SURETIES, LTD | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses         $_____

Remaining Balance                                              $_____

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Other: Ann Brennan, Esq. | $ | $ | $ |
| Other: Ann Brennan, Esq. | $ | $ | $ |
| Other: Internal Revenue Service | $ | $ | $ |
| Other: Massachusetts Department of Revenue | $ | $ | $ |

Total to be paid for prior chapter administrative expenses    $_____

Remaining Balance    $_____

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000004A | Massachusetts Department of Revenue | $ | $ | $ |
| 000013 | Dept of Unemployment Assistance | $ | $ | $ |

Total to be paid to priority creditors    $_____

Remaining Balance    $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | BRIAN SMILLIE CANDY COMPANY | $ | $ | $ |
| 000002 | Toysmith - Toy Investments | $ | $ | $ |
| 000003 | KEN BEAN DISTRIBUTORS, LLC | $ | $ | $ |
| 000004B | Massachusetts Department of Revenue | $ | $ | $ |
| 000005 | Nstar Electric | $ | $ | $ |
| 000006 | NSTAR GAS | $ | $ | $ |
| 000007 | NSTAR ELECTRIC | $ | $ | $ |
| 000008 | DEMDACO | $ | $ | $ |
| 000009 | Kay Dee Designs, Inc. | $ | $ | $ |
| 000010 | IPFS Corporation | $ | $ | $ |
| 000012 | BLUE MOUNTAIN ARTS | $ | $ | $ |
| 000014 | George Roberts CPA | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/Donald R. Lassman
                                    Trustee

DONALD R. LASSMAN
Post Office Box 920385
NEEDHAM, MA 02492

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.